IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JEFFREY THERCY,
    Petitioner,

v.                                    Case No. 3:05cv54/RV/MD

STAN YATES, WARDEN et al.,
    Respondents.
_____

## REPORT AND RECOMMENDATION

Before the court is an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 4). Respondent has filed a motion to dismiss the petition as untimely, providing relevant portions of the state court record. (Doc. 15). Petitioner has responded in opposition to the motion. (Doc. 20). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, it is the opinion of the undersigned that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

On August 17, 1999 petitioner was convicted upon jury verdict of Aggravated Fleeing or Attempted Fleeing to Elude (Count 1) and Reckless Driving (Count 2) in the Circuit Court of Escambia County, Florida, in case number 98-5150. (Doc. 4, Attach., Judg.). He was sentenced on Count 1 to 80.4 months of imprisonment with credit for time served, and on Count 2 to 60 days imprisonment with credit for 60 days, to run concurrently with Count 1. Petitioner did not initially take a direct appeal. (Doc. 4, p. 2). On January 18, 2001 he filed a motion for belated appeal in

the Florida First District Court of Appeal ("First DCA").  (Doc. 15, ex. A).[1]  The First DCA denied the petition on October 2, 2001.  *Thercy v. State*, 796 So.2d 1169 (Fla. 1st Dist. Ct. App. 2001) (Table) (copy at Ex. B).

On August 21, 2003 petitioner filed a motion for postconviction relief pursuant to FLA.R.CRIM.P. 3.850.  (Ex. C).  The trial court denied relief on the grounds that the motion was untimely.  (Ex. D).  The First DCA affirmed the denial order without written opinion on December 17, 2003.  *Thercy v. State*, 861 So.2d 1159 (Fla. 1st Dist. Ct. App. 2003) (Table) (copy at ex. E).  The mandate issued January 13, 2004. (Ex. F).  Petitioner sought further review in the Florida Supreme Court by filing a Notice of Appeal on January 20, 2004.[2]  However, the Florida Supreme Court dismissed the proceeding on January 29, 2004 for lack of jurisdiction.  *Thercy v. State*, 868 So.2d 526 (Fla. 2004) (Table).  Also on January 20, 2004 petitioner filed a petition for writ of habeas corpus in the Florida Supreme Court.  (*See* www.floridasupremecourt.org, *Thercy v. State*, case number SC04-94).  The petition was dismissed for lack of jurisdiction on February 17, 2004.  (*Id.*).

Petitioner initiated the instant federal habeas proceeding on February 14, 2005 by filing a petition pursuant to 28 U.S.C. § 2254.  (Doc. 1, p. 7).[3]

## DISCUSSION

Respondent argues that the instant petition is barred by the statute of limitations.  Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs the present petition.  *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).  Pursuant to 28 U.S.C. § 2244, a one-year period of limitation applies to the filing of a federal habeas corpus petition by a person in

---

[1]Hereafter all references to exhibits will be to those attached to Doc. 15 unless otherwise noted.

[2]Petitioner's Notice of Appeal was treated as a Notice to Invoke Discretionary Jurisdiction.  (*See* www.floridasupremecourt.org, *Thercy v. State*, case number SC04-95).

[3]Pursuant to an order of the court, (doc. 3), petitioner filed an amended petition on March 28, 2005.  (Doc. 4).

custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). According to the tolling provision of § 2244(d), the time during which a "properly filed" application for state postconviction or other collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

In the instant case, petitioner has not asserted that a government-created impediment to his filing existed, that he bases his claim on a right newly recognized by the Supreme Court, or that the facts supporting his claim could not have been discovered through the exercise of due diligence before the filing of this petition. Thus, the statute of limitations must be measured from the remaining trigger, which is the date on which his conviction became final. *See* 28 U.S.C. § 2244(d)(1).

Respondent contends the limitations period began to run on September 16, 1999, the date on which the thirty-day period in which to file a notice of appeal from the judgment of conviction expired. The undersigned agrees. *See* FLA.R.APP.P. 9.140(b)(3). Accordingly, the statute of limitations expired on September 17, 2000, unless there were pending during that time any properly filed applications for state postconviction or other collateral review. The record reveals that petitioner had no such applications pending during that critical period between September 16, 1999 and September 17, 2000; therefore, his time for seeking federal habeas review

expired on September 17, 2000.  Petitioner's motions for state postconviction relief or other collateral review filed after expiration of the limitations period did not trigger the tolling benefit of § 2244(d)(2).  *See Webster v. Moore*, 199 F.3d 1256, 1269 (11th Cir.) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000).  Nor did the later filings reinitiate the federal limitations period.  *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144, 122 S.Ct. 1101, 151 L.Ed.2d 997 (2002).  As the petition in this case was not filed until February 14, 2005, the petition is untimely.

In response to the motion to dismiss, petitioner argues that his petition is timely because the limitations period did not begin to run until the Florida Supreme Court denied his state habeas petition on February 17, 2004.  (Doc. 20, p. 2).  In other words, petitioner would have this court interpret § 2244(d) as providing that the limitations period does not begin to run until the completion of all state postconviction and collateral review proceedings.   In matters of statutory interpretation, this court's duty is to construe a statute in a manner that is consistent with the intent of Congress as expressed in the plain meaning of its language.  *Perry v. Commerce Loan Co.,* 383 U.S. 392, 400, 86 S.Ct. 852, 857, 15 L.Ed.2d 827 (1966) (the most persuasive evidence of Congressional intent is the wording of a statute); *Harris v. Garner,* 216 F.3d 970, 972 (11th Cir. 2000) ("We begin our construction of [a statute] where courts should always begin the process of legislative interpretation, and where they often should end it as well, which is with the words of the statutory provision."); *Sutton v. United States*, 819 F.2d 1289 (5th Cir. 1987).  Section 2244(d)(1) enumerates four events which affect the commencement of the limitations period.  *See* discussion *supra* p. 3.  The completion of state postconviction proceedings is not one of those events.  Although state postconviction proceedings may affect the <u>tolling</u> of the limitations period, *see* § 2244(d)(2), they do not affect the date upon which the limitations period commences.  Petitioner's proposed interpretation of

Section 2244(d)(1) is contrary to the plain language of the statute, and should be rejected.

It is noted that "[s]ection 2244 . . . permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'"  *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (citing *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). However, in the instant case petitioner has neither claimed equitable tolling applies, nor has he alleged facts to suggest that he ever attempted to file his federal habeas corpus petition within the limitations period, much less that he diligently pursued relief.

### CONCLUSION

The instant petition for writ of habeas corpus is untimely.  The record does not support application of the equitable tolling doctrine or any other exception to the limitations period.  Based on the foregoing, the petition should be dismissed.

Accordingly, it is respectfully RECOMMENDED:

That the amended petition for writ of habeas corpus (doc. 4) challenging the convictions and sentences in *State of Florida v. Jeffrey Thercy*, in the Circuit Court of Escambia County, Florida, case no. 98-5150, be DISMISSED with prejudice and the clerk be directed to close the file.

At Pensacola, Florida this 12th day of December, 2005.

/s/ *Miles Davis*
　　　MILES DAVIS
　　　UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  A copy of any objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No: 3:05cv54/RV/MD